UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KINDRED REHAB SERVICES, INC. d/b/a REHABCARE<br>680 South Fourth Street<br>Louisville, KY 40202<br>c/o Registered Agent: CT Corporation System<br>301 S. Bedford Street, Suite 1<br>Madison, WI 53703 | Case No. 17-CV-910 |

                Plaintiff,

     v.

MOUNT CARMEL HEALTH CARE, LLC
d/b/a BURLINGTON MEDICAL AND
REHAB CENTER
160 Greentree Drive, Suite 101
Dover, DE 19904
c/o Registered Agent: CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703,

COLONIAL MANOR HEALTH CARE, LLC
d/b/a COLONIAL MEDICAL AND
REHABILITATION CENTER
160 Greentree Drive, Suite 101
Dover, DE 19904
c/o Registered Agent: CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703,

EASTVIEW HEALTH CARE, LLC d/b/a
EASTVIEW MEDICAL AND
REHABILIATION CENTER
160 Greentree Drive, Suite 101
Dover, DE 19904
c/o Registered Agent: CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703,

SAN LUIS HEALTH CARE, LLC d/b/a
MAPLE RIDGE REHAB AND CARE
CENTER
160 Greentree Drive, Suite 101
Dover, DE 19904
c/o Registered Agent: CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703,

NORTH RIDGE HEALTH CARE, LLC d/b/a
NORTH RIDGE MEDICAL AND
REHABILITATION CENTER
160 Greentree Drive, Suite 101
Dover, DE 19904
c/o Registered Agent: CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703,

SHERIDAN MEDICAL LLC d/b/a
SHERIDAN MEDICAL COMPLEX
160 Greentree Drive, Suite 101
Dover, DE 19904
c/o Registered Agent: CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703,

WOODSTOCK HEALTH CARE, LLC d/b/a
WATERS EDGE REHAB AND CARE
CENTER
160 Greentree Drive, Suite 101
Dover, DE 19904
c/o Registered Agent: CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703,

            Defendants.

# COMPLAINT

Plaintiff, Kindred Rehab Services, Inc. d/b/a RehabCare ("RehabCare" or "Plaintiff"), states as follows for its Complaint against Defendants, Mount Carmel Health Care, LLC d/b/a Burlington Medical and Rehab Center ("Burlington"), Colonial Manor Health Care, LLC d/b/a Colonial Manor Medical and Rehabilitation Center ("Colonial"), Eastview Health Care, LLC d/b/a Eastview Medical and Rehabilitation Center ("Eastview"), San Luis Health Care, LLC d/b/a Maple Ridge Rehab and Care Center ("Maple"), North Ridge Health Care, LLC d/b/a North Ridge Medical and Rehabilitation Center ("North Ridge"), Sheridan Medical, LLC d/b/a Sheridan Medical Complex ("Sheridan"), and Woodstock Health Care, LLC d/b/a Waters Edge

2

Rehab and Care Center ("Waters Edge") (collectively, Burlington, Colonial, Eastview, Maple, North Ridge, Sheridan, and Waters Edge are the "Defendants" and individually a "Defendant"):

## NATURE OF THE ACTION

1. This Action arises out of Defendants' failures to pay for therapy services provided by RehabCare to residents of the skilled nursing facilities located throughout Wisconsin owned and/or operated by each Defendant respectively as set forth below.

## THE PARTIES

2. RehabCare is a Delaware corporation with its principal place of business in Louisville, Kentucky. RehabCare provides therapy services to residents of long term care and skilled nursing facilities.

3. Burlington is a Delaware limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Burlington are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company.

   a. Based upon information and belief, Mr. Bienstock is an individual who resides in and is domiciled in Chesterfield, Missouri.

   b. Based upon information and belief, Mr. H. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

   c. Based upon information and belief, Mr. J. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

   d. Based upon information and belief, Mr. Landa is an individual who resides in and is domiciled in Lawrence, New York.

e. Based upon information and belief, Ms. Taub is an individual who resides in and is domiciled in Lawrence, New York.

f. Based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in and is domiciled in Lakewood, New Jersey.

Thus, for purposes of federal diversity jurisdiction, Burlington is not a citizen of Delaware or Kentucky. Burlington may be served through its registered agent CT Corporation System, 301 S. Bedford St., Ste. 1, Madison, Wisconsin 53703. Burlington owns and/or operates a skilled nursing facility located at 677 E. State Street, Burlington, Wisconsin 53105 (the "Burlington Facility").

4. Colonial is a Delaware limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Colonial are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company.

a. Based upon information and belief, Mr. Bienstock is an individual who resides in and is domiciled in Chesterfield, Missouri.

b. Based upon information and belief, Mr. H. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

c. Based upon information and belief, Mr. J. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

d. Based upon information and belief, Mr. Landa is an individual who resides in and is domiciled in Lawrence, New York.

e. Based upon information and belief, Ms. Taub is an individual who resides in and is domiciled in Lawrence, New York.

f. Based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in and is domiciled in Lakewood, New Jersey.

Thus, for purposes of federal diversity jurisdiction, Colonial is not a citizen of Delaware or Kentucky. Colonial may be served through its registered agent CT Corporation System, 301 S. Bedford St., Ste. 1, Madison, Wisconsin 53703. Colonial owns and/or operates a skilled nursing facility located at 1010 E. Wausau Avenue, Wausau, Wisconsin 54403 (the "Colonial Facility").

5. Eastview is a Delaware limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Eastview are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company.

a. Based upon information and belief, Mr. Bienstock is an individual who resides in and is domiciled in Chesterfield, Missouri.

b. Based upon information and belief, Mr. H. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

c. Based upon information and belief, Mr. J. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

d. Based upon information and belief, Mr. Landa is an individual who resides in and is domiciled in Lawrence, New York.

e. Based upon information and belief, Ms. Taub is an individual who resides in and is domiciled in Lawrence, New York.

f. Based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in and is domiciled in Lakewood, New Jersey.

Thus, for purposes of federal diversity jurisdiction, Eastview is not a citizen of Delaware or Kentucky. Eastview may be served through its registered agent CT Corporation System, 301 S. Bedford St., Ste. 1, Madison, Wisconsin 53703. Eastview owns and/or operates a skilled nursing facility located at 729 Park St., Antigo, Wisconsin 54409 (the "Eastview Facility").

6. Maple is a Delaware limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Maple are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company.

a. Based upon information and belief, Mr. Bienstock is an individual who resides in and is domiciled in Chesterfield, Missouri.

b. Based upon information and belief, Mr. H. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

c. Based upon information and belief, Mr. J. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

d. Based upon information and belief, Mr. Landa is an individual who resides in and is domiciled in Lawrence, New York.

e. Based upon information and belief, Ms. Taub is an individual who resides in and is domiciled in Lawrence, New York.

f. Based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in and is domiciled in Lakewood, New Jersey.

Thus, for purposes of federal diversity jurisdiction, Maple is not a citizen of Delaware or Kentucky. Maple may be served through its registered agent CT Corporation System, 301 S. Bedford St., Ste. 1, Madison, Wisconsin 53703. Maple owns and/or operates a skilled nursing facility located at 2305 San Luis Place, Green Bay, Wisconsin 54304 (the "Maple Facility").

7. North Ridge is a Delaware limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of North Ridge are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company.

a. Based upon information and belief, Mr. Bienstock is an individual who resides in and is domiciled in Chesterfield, Missouri.

b. Based upon information and belief, Mr. H. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

7

c. Based upon information and belief, Mr. J. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

d. Based upon information and belief, Mr. Landa is an individual who resides in and is domiciled in Lawrence, New York.

e. Based upon information and belief, Ms. Taub is an individual who resides in and is domiciled in Lawrence, New York.

f. Based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in and is domiciled in Lakewood, New Jersey.

Thus, for purposes of federal diversity jurisdiction, North Ridge is not a citizen of Delaware or Kentucky. North Ridge may be served through its registered agent CT Corporation System, 301 S. Bedford St., Ste. 1, Madison, Wisconsin 53703. North Ridge owns and/or operates a skilled nursing facility located at 1445 N. 7th Street, Manitowoc, Wisconsin 54220 (the "North Ridge Facility").

8. Sheridan is a Delaware limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Sheridan are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company.

a. Based upon information and belief, Mr. Bienstock is an individual who resides in and is domiciled in Chesterfield, Missouri.

b. Based upon information and belief, Mr. H. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

c. Based upon information and belief, Mr. J. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

d. Based upon information and belief, Mr. Landa is an individual who resides in and is domiciled in Lawrence, New York.

e. Based upon information and belief, Ms. Taub is an individual who resides in and is domiciled in Lawrence, New York.

f. Based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in and is domiciled in Lakewood, New Jersey.

Thus, for purposes of federal diversity jurisdiction, Sheridan is not a citizen of Delaware or Kentucky. Sheridan may be served through its registered agent CT Corporation System, 301 S. Bedford St., Ste. 1, Madison, Wisconsin 53703. Sheridan owns and/or operates a skilled nursing facility located at 8400 Sheridan Road, Kenosha, Wisconsin 53143 (the "Sheridan Facility").

9. Waters Edge is a Delaware limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Waters Edge are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company.

a. Based upon information and belief, Mr. Bienstock is an individual who resides in and is domiciled in Chesterfield, Missouri.

b. Based upon information and belief, Mr. H. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

c. Based upon information and belief, Mr. J. Fensterman is an individual who resides in and is domiciled in Port Washington, New York.

d. Based upon information and belief, Mr. Landa is an individual who resides in and is domiciled in Lawrence, New York.

e. Based upon information and belief, Ms. Taub is an individual who resides in and is domiciled in Lawrence, New York.

f. Based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in and is domiciled in Lakewood, New Jersey.

Thus, for purposes of federal diversity jurisdiction, Waters Edge is not a citizen of Delaware or Kentucky. Waters Edge may be served through its registered agent CT Corporation System, 301 S. Bedford St., Ste. 1, Madison, Wisconsin 53703. Waters Edge owns and/or operates a skilled nursing facility located at 3415 Sheridan Road, Kenosha, Wisconsin 53140 (the "Waters Edge Facility") (collectively the Burlington Facility, Colonial Facility, Eastview Facility, Maple Facility, North Ridge Facility, Sheridan Facility, and Waters Edge Facility are the "Facilities" and individually a "Facility").

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendants as Defendants transact business in this state, including, but not necessarily limited to, owning and/or operating the foregoing Facilities.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

13. On or about October 1, 2016, RehabCare entered into separate but materially similar agreements as modified from time to time with each Defendant to provide therapy services to patients at the Defendants' respective Facilities (the "Agreements").[1]

14. RehabCare performed all obligations required of it under the Agreements as modified from time to time, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

15. Pursuant to the Agreements and RehabCare's performance thereunder, Defendants are obligated to pay for the services provided by RehabCare.

16. Despite repeated demands for the sums due and owing under the Agreements, Defendants have failed and refused to pay for services provided by RehabCare. The outstanding balances are accruing interest pursuant to the terms of the Agreements.

---

[1] The Agreements contain confidential information, including pricing information, and have not been attached. Copies can be provided to the Court and Defendants upon request and subject to appropriate confidentiality protections.

17. RehabCare conferred with Defendants numerous times regarding the outstanding invoices for the services provided and amounts past due and made repeated demands for payment.

18. During conferences between RehabCare and Defendants, Defendants represented to RehabCare that the outstanding invoices would be paid and requested that RehabCare continue to provide services.

19. Despite RehabCare's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Defendants failed to pay for services provided by RehabCare.

20. Defendants entered into the Agreements and any modifications with RehabCare to induce RehabCare to continue to provide services with no intention of paying outstanding invoices or otherwise performing as required under the Agreements.

21. Upon information and belief, Defendants have been reimbursed by Medicare for all or a significant portion of the services provided by RehabCare, and have directly or indirectly benefitted from such reimbursement.

## COUNT I – BREACH OF CONTRACT
### (AS TO EACH DEFENDANT)

22. RehabCare incorporates by reference the allegations previously set forth above.

23. The Agreements are valid and enforceable contracts.

24. Without legal justification or excuse, each Defendant materially breached its Agreement with RehabCare by failing to perform its obligations thereunder.

25. As a direct and proximate result of the breach of the Agreements, RehabCare has suffered damages.

26. Interest is accruing at 18% per annum on the unpaid balance of invoices pursuant to paragraph 4(c) of the Agreements.

27. Paragraph 4(c) of each of the Agreements provides that: "If RehabCare is required to collect any amounts past due through use of an attorney, then Facility shall be responsible for payment of all of RehabCare's legal fees and other costs of collection." RehabCare has incurred attorney fees and other costs in preparing and filing this action, all of which are the responsibility of Defendants. RehabCare is likely to incur substantial additional attorney fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendants.

## COUNT II – PROMISSORY ESTOPPEL
### (AS TO EACH DEFENDANT)

28. In the alternative to Count I, RehabCare asserts this claim for Promissory Estoppel.

29. Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

30. Defendants made promises to RehabCare for the purpose of inducing it to continue providing services to Defendants.

31. RehabCare reasonably relied upon such promises made by Defendants.

32. Defendants' promises and RehabCare's reliance thereon resulted in detriment and damages to RehabCare and RehabCare is entitled to recover damages in an amount to be proven at trial.

## COUNT III – UNJUST ENRICHMENT
### (AS TO EACH DEFENDANT)

33. In the alternative to Counts I and II, RehabCare asserts this claim for Unjust Enrichment.

34. Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

35. RehabCare has provided valuable services to Defendants for which it has not been paid.

36. RehabCare's services were rendered under circumstances pursuant to which Defendants reasonably should have expected RehabCare would expect to be compensated.

37. Defendants have knowingly and willingly received, or will receive, reimbursement by Medicare, directly or indirectly, for services provided by RehabCare, and have wrongfully and intentionally withheld or will withhold such amounts from RehabCare.

38. Consequently, Defendants have been unjustly enriched through the receipt of such services and at the expense of RehabCare.

39. Furthermore, Defendants have a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to RehabCare if they have not timely paid invoices as required by the Agreements. *See* Medicare Claims Processing Manual, Pub 100-04, Chapter 6, § 10.4.1; *see also* 42 U.S.C. § 1395cc(a)(1)(H)(ii), (g).

40. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendants as reimbursement by Medicare for therapy and rehabilitation services provided by RehabCare, plus interest, costs, and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, RehabCare requests judgment against Defendants as follows:

    A.    An award of damages in an amount to be proven at trial;

B. RehabCare's costs, expenses, and attorneys' fees associated with prosecution of this action;

C. The imposition of a constructive trust on sums received by Defendants as Medicare reimbursement for therapy and rehabilitation services provided by RehabCare and not paid for by Defendants;

D. Pre-judgment and post-judgment interest; and

E. All other relief to which RehabCare may be entitled.

Dated this 3rd day of July, 2017.

GODFREY & KAHN, S.C.

By: */s/ Nina G. Beck*
    Timothy F. Nixon
    State Bar No. 1013753
    Nina G. Beck
    State Bar No. 1079460

Attorneys for Plaintiff, KINDRED REHAB SERVICES, INC. d/b/a REHABCARE

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
tnixon@gklaw.com
nbeck@gklaw.com

17400407.3