# Exhibit 13

| | |
|---|---|
| **From:** | Mattingly, Jim <IMCEAEX-_O=PROD+20ISHEALTH+20MESSAGING_OU=EXCHANGE+20ADMINISTRATIVE+20GROUP+20+28FYDIBOHF23SPDLT+29_CN=RECIPIENTS_CN=MATTIJ00@prod.ishealth.net> |
| **Sent:** | Friday, September 30, 2016 11:13 AM |
| **To:** | Judah Bienstock (judah@mgmhealthcare.com) |
| **Cc:** | Daniels, Margie |
| **Subject:** | RehabCare - MGM outstanding balance action plan |
| **Attachments:** | Guaranty - RHB and Bienstock 9-6-16.docx |
| **Importance:** | High |

Judah,

Thank you for your time earlier this month and also for coordinating with Michelle and Margie for the August payments, I was glad to see that process completed timely. I believe the September payments were about $200k short of a full month, which is a bit concerning – especially when looking at Bettendorf, Genesis, and Regency which has not had any payments since May. Please advise specifically around resolution of those recent delinquencies.

I also appreciate you sending over the personal ownership interests in the MGM managed facilities. After analyzing that information, it appears as though a group of five individuals (including yourself) own more than 80% of the consolidated value in the facilities – Barry Jeremias, Benjamin Landa, Miriam Taub, Howard Fensterman, and yourself.

As our total balance stands today at approx. $11M outstanding, including ~$3M not yet due (within payment terms) and ~$2M under the separate note payable, we have $6M that is currently past due. Half of that balance, or approx. $3M, has occurred recently during your time of financial difficulty as discussed regarding actions of your CFO. I understand that you are executing on a plan to have those issues resolved by year-end (how is that going?), at which point, I presume our balance would at least get back to the $3M past due, if not fully within payment terms.

As a bridge to that point and to confirm the strength of our partnership, we have prepared the attached personal guarantee, which provides security against the outstanding balances owed to RehabCare, but also provides your company time to address the financial situation that presently exists. You shared that you anticipate some concern from your partners in signing personal guarantees, suggesting that they might look to you to take care of the situation individually. The drafted agreement can be executed by you solely, or if you get aligned with one or more of your partners, can easily be amended to include multiple signatures to share the personal risk. Additionally, if there is an alternative means to secure the outstanding balance or otherwise amend the drafted agreement, I would be glad to hear your thoughts and discuss.

I wanted to send this note to explain the logic and to give you a chance to review the letter and discuss with your partners as you prefer, and then I'd like to discuss via telephone your thoughts and to align on next steps. Could we plan to get together Tuesday morning (Oct 4th) to discuss – I can make any time work through 1pm when I begin meetings for the balance of the day.

Thank you and have a great weekend.

Jim Mattingly
Chief Financial Officer, Kindred Rehabilitation Services
Kindred Healthcare
(w) 502.596.7135  (c) 502.296.8779

1

jim.mattingly@kindredhealthcare.com

# PERSONAL GUARANTY

THIS PERSONAL GUARANTY (the "Guaranty") is made as of September __, 2016, by JUDAH BIENSTOCK (the "Guarantor"), in favor of REHABCARE GROUP EAST, INC., a Delaware corporation, on behalf of itself and its subsidiaries and affiliates (collectively, "RehabCare").

## Preliminary Statements

(a) The Guarantor is an equity owner of each of the entities listed on Exhibit A hereto (each an "Operator" and collectively, the "Operators");

(b) Each Operator owns and/or operates a health care facility to which RehabCare has provided and may continue to provide heath care services, including but not limited to rehabilitation therapy services (the "Services");

(c) Each Operator owes payment to RehabCare for the provision of Services whether provided before, on or after the date of this Guaranty (the "Obligations");

(d) Guarantor, in his capacity as an equity owner of the Operators, desires to enter into this Guaranty to facilitate payment of the Obligations and to incentivize RehabCare to continue to provide Services on and after the date of this Guaranty; and

(e) The Guarantor understands that RehabCare is relying on this Guaranty as consideration to continue to provide the Services.

**NOW, THEREFORE**, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Guarantor and RehabCare agree as follows:

1. Guaranty. The Guarantor unconditionally and absolutely guarantees to RehabCare, the full, prompt and complete payment of the Obligations.

2. Waivers. The Guarantor expressly waives: (a) notice of acceptance of this Guaranty and any and all other notices which by law or other terms may be required to be given to any of the Operators, (b) any demand for or notice of default of the payment of any of the Obligations, and (c) any legal obligation, duty or necessity for RehabCare to proceed first against any of the Operators or to exhaust any remedy that RehabCare may have against any of the Operators, it being agreed that, in the event of default of any of the Obligations in any respect by any of the Operators, RehabCare may proceed and have a right of action against the Guarantor and/or any of the Operators.

3. Modification to the Obligations. The Guarantor agrees that, even if the Guarantor may not have consented to, or may not have notice or knowledge of, any of the following, the unconditional liability of the Guarantor to RehabCare will not in any way be affected or

discharged by: (a) any modification, extension or renewal by any of the Operators or RehabCare of any of the Obligations; or (b) any act or omission or any waiver by RehabCare, or any of the Operators.

4. Continuing Guaranty. The Guarantor agrees that this Guaranty will continue until all of the Operators have been fully discharged of all of the Obligations. This Guaranty may only be modified by a writing signed by an officer of RehabCare. This Guaranty will not be diminished by any payment or performance by the Guarantor until all of the Obligations have been fully discharged. If the Guarantor makes payment under this Guaranty, the Guarantor waives any rights of subrogation as against any of the Operators until all of the Obligations have been paid in full.

5. No Defenses. The Guarantor expressly waives any defense in law or in equity that would be available to any of the Operators, it being the intent of this Guaranty that the liability of the Guarantor under this Guaranty is primary and unconditional. Further, in any action instituted by RehabCare to enforce this Guaranty, the Guarantor will not be entitled to make any defense that is contrary to the terms of this Guaranty.

6. Expenses. In the event any action is brought in connection with the enforcement of this Guaranty, the Guarantor will pay reasonable attorneys' fees and all court costs incurred by RehabCare.

7. Assignment. This Guaranty is personal to the Guarantor and the Guarantor may not assign it, but it is freely transferable by RehabCare. This Guaranty will be binding upon the heirs and legal representatives of the Guarantor and inure to the benefit of RehabCare and its successors and assigns.

8. Notices. Any notice, demand or other communications required to or permitted to be given or made hereunder in writing, shall be deemed given or made when (a) delivered in person; (b) five (5) days after such communication is posted in the mails; or (c) one (1) day after such communication is sent by a nationally recognized overnight courier service. Such communications shall be addressed as follows:

| If to RehabCare: | RehabCare Group East, Inc |
| | 680 South Fourth Street |
| | Louisville, KY 40202 |
| | Attn: Chief Counsel, RehabCare |

If to the Guarantor: Judah Bienstock
_____
_____

or at such other address or addresses as the party addressed may from time to time designate in writing.

9. Governing Law. This Guaranty will be deemed made in and governed by the laws of the Commonwealth of Kentucky, without regard to laws regarding conflicts of law.

10. Severability. If any term or provision of this Guaranty should be declared invalid by a court of competent jurisdiction, the remaining terms and provisions will be unimpaired and the invalid term or provision will be replaced by such valid term or provision as comes closest to the intention underlying the invalid term or provision.

11. Waiver of Jury Trial. The Guarantor and RehabCare hereby knowingly, voluntarily and intentionally waive the right each may have to a trial by jury in respect of any litigation based hereon, or arising out of, under or in connection with this Guaranty or any other agreement among any of the Operators on one hand, and any RehabCare party on the other hand, or any course of conduct, course of dealing, statements (whether verbal or written) or actions of each party. This provision is a material inducement for the Guarantor and RehabCare entering into this agreement. The provisions of this article have been fully negotiated by the parties hereto and these provisions shall be subject to no exceptions. Neither the Guarantor nor RehabCare has in any way agreed with or represented to any other party that the provisions of this article will not be enforced in all instances. Neither the Guarantor nor RehabCare shall seek to consolidate any such action, in which a jury trial has been waived, with any other party in which a jury trial has not been or cannot be waived.

12. Waiver of Plea of Jurisdiction or Venue. Because the Guarantor and RehabCare each have a significant interest in consistent interpretation of this Guaranty, the Guarantor designates Louisville, Kentucky as the sole forum for resolution of any dispute arising hereunder. The Guarantor hereby waives any plea of jurisdiction or venue as not having a residence or place of business in Louisville, Kentucky, and hereby specifically authorizes any action brought upon the enforcement of the Guaranty to be instituted and prosecuted in either the Circuit Court of Louisville, Kentucky or in the United States District Court for the Western District of Kentucky, at the election of RehabCare. Guarantor further agrees that a final judgment in any action or proceeding will be conclusive and may be enforced against it in any other jurisdiction or in any other manner provided by law.

13. Miscellaneous. This Guaranty may be validly executed and delivered by fax or other electronic transmission and in one or more counterpart signature pages. This Guaranty shall be construed without presumption for or against the drafter of all or any part hereof. Section headings are for convenience of reference only and shall not limit the scope of any Section. All factual recitals and other matters set forth in the Preliminary Statements to this Guaranty shall constitute a part of this Guaranty.

[Signature pages follow]

IN WITNESS WHEREOF, the Guarantor has executed this Guaranty as of the date first above written.

_____
JUDAH BIENSTOCK


Accepted:

REHABCARE GROUP EAST, INC.


_____
By: Jim Mattingly
Title: Vice President, Chief Financial Officer, Kindred Rehabilitation Services




I hereby certify the foregoing instrument was acknowledged before me this ___ day of _____, 2016, by Judah Bienstock, in his individual capacity, and who is personally known to me or has produced _____ as identification.


_____
Notary Public



My Commission Expires:

[ SEAL]

# EXHIBIT A

- Parkview Healthcare Management, LLC
- Adel Healthcare Management, LLC
- DSM Healthcare, LLC
- Bettendorf Healthcare Management, LLC
- Springfield Healthcare Management, LLC
- Bentwood Healthcare, LLC
- Hidden Lake Management, LLC
- Oak Park Healthcare, LLC
- Sunset Healthcare, LLC
- St. Sophia Healthcare, LLC
- King City Healthcare, LLC
- Des Peres Healthcare, LLC
- Franklin Woods Health Care, LLC
- Pickerington Health Care, LLC
- Logan Health Care, LLC
- Cambridge Health Care, LLC
- Winchester Place Health Care, LLC
- Lebanon Health Care, LLC
- Eastview Health Care, LLC
- San Luis Health Care, LLC
- Colonial Manor Health Care, LLC
- North Ridge Health Care, LLC
- Mount Carmel Health Care, LLC
- Sheridan Medical, LLC
- Woodstock Health Care, LLC
- Broadmoor Health Care, LLC
- Leisure Village Health Care, LLC
- Rainbow Health Care, LLC
- Heatheridge Health Care, LLC
- Buena Vista Health Care, LLC
- South Park Health Care, LLC
- Seminole Health Care, LLC
- Lake Drive Health Care, LLC
- Forest Hills Health Care, LLC
- Forest Hills ALF, LLC