## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| (1) KINDRED REHAB SERVICES, INC. d/b/a REHABCARE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 17-CV-910<br>) |
| (1) MOUNT CARMEL HEALTH CARE, LLC d/b/a BURLINGTON MEDICAL AND REHAB CENTER, et al. | )<br>)<br>)<br>) |
| Defendants. | ) |

**ALL DEFENDANTS' REPLY TO PLAINTIFF'S RESISTANCE TO THEIR MOTION FOR SEPARATE TRIALS OR TO SEVER CERTAIN CLAIMS**

Trial courts are granted a significant latitude in applying many of the Federal Rules of Civil Procedure, including Rule 20(a). However, a trial court's discretion does not extend so far as to allow it to ignore explicit text of a Federal Rule of Civil Procedure, nor otherwise to impose an interpretation that exceeds the scope of its written text. Regardless of any perceived advantages that may possibly result from plaintiff's attempted permissive joinder, the clear text of the rule requires that the right(s) to relief be "asserted against (the defendants) **jointly, severally, or in the alternative**". Plaintiff's complaint fails to assert any cause of action that would impose joint, several, or alternative liability against any two or more defendants in this action. As a result, the plaintiff has failed to satisfy the mandate of Rule 20(a)(2)(A)'s clear language, and Defendants are therefore entitled to relief from this court.

### I. PLAINTIFF'S COMPLAINT HAS FAILED TO SATISFY THE CLEAR LANGUAGE OF FRCP 20(a)(2)(A), AND HENCE DEFENDANTS HAVE BEEN IMPROPERLY JOINED

1

Contrary to Plaintiff's arguments, Rule 20(a)(2)(A)'s clear language[1] contains the mandatory element that any relief sought against properly permissively joined Defendants must be asserted against them "jointly, severally, or in the alternative". Moreover, the Federal Rules are subject to the same well-established rules of linguistic interpretation as statutes. *E.g., Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 376 (2013) (construing the meaning of both a federal rule and a statute, noting that the analysis would be that undertaken in "[a]ll statutory construction cases"); *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 540–41 (1991) (noting that just "[a]s with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous"). The rules of statutory interpretation provide that a party cannot ignore explicit sections of the text so as to champion a rule more favorable to the party's interests and which exceeds what the "plain meaning" of its language will allow for. *E.g., United States v. O'Connor*, 874 F.3d 1147, 1154 (10th Cir. 2017) (concluding that a court "[c]annot ignore the statutory text and construct a narrower statute than the plain language supports"). All words have a meaning, and entire statutory clauses cannot be ignored and rendered meaningless

Plaintiff argues that joinder is proper so long as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences. For this interpretation to be accurate, the rule must be disjunctive in the following fashion:

1) A right to relief is asserted jointly (or) severally against the joined defendants;

---

[1] (2) *Defendants.* Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:

(A) any right to relief is asserted against them **jointly, severally, or in the alternative** with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.
Fed. R. Civ. P. 20(a)(2) (emphasis added).

> 2) OR, in the alternative, and without regard to an assertion of joint or several liability, the right to relief asserted must arise from the same transaction or series or transactions.

While Plaintiff's proffered interpretation cleverly supports their argument, it does so by espousing a stilted, grammatically contrived interpretation of Rule 20(a)(2)(A). For plaintiff's interpretation to be the most straightforward, plain meaning of the Rule's text, it would need to have been drafted with certain subtle differences as outlined below, with certain additions required to actually achieve that result set off in brackets for clarity's sake.

> any right to relief is asserted against them jointly[,] [or] severally, or[,] in the alternative[,] with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences…

The most glaring inconsistency in plaintiff's interpretation is the lack of commas after "or" and "in the alternative", which is the standard grammatical convention for making the subsequent text as a whole disjunctive from the alternatives preceding it. Lacking these commas, the most natural interpretation is that the right to relief must assert one of three forms of liability—joint, several, or alternative, and once this initial precondition has been met, it must satisfy a second, subordinate condition that becomes irrelevant if the first is not met. The outcome of more than one case has hinged on the lack of a comma. *E.g., Grp. Voyagers, Inc. v. Employers Ins. of Wausau*, WL 356653, at *4 (N.D. Cal. Mar. 4, 2002), aff'd, 66 F. App'x 740 (9th Cir. 2003); *Pike v. Caldera*, 188 F.R.D. 519, 533–34 (S.D. Ind. 1999).

The factual and procedural circumstances of most cases do not require the analysis of Rule 20(a)(2)(A)'s first clause advanced in this reply because the causes of action and relative postures of the parties clearly entail assertions of joint, several, or alternative liability. Such is the case, for example, in instances of alleged employer vicarious liability arising from the wrongful actions of its employees in the scope and course of their employment. The facts of the

3

Case 2:17-cv-00910-NJ   Filed 12/01/17   Page 3 of 6   Document 30

present case are different, and make necessary the analysis of Rule 20(a)(2)(A)'s first clause as outlined above.  When courts have been called upon to undertake this analysis, the vast majority of them have followed the precise argument Defendants have advanced in this reply.  *E.g., Hagensicker v. Boston Sci. Corp.*, WL 836804, at *3 (W.D. Mo. Mar. 12, 2012) (analyzing whether the claims Plaintiff brought against all Defendants could serve to impose joint, several, or alternative liability against them all separate from the question of whether they arose from a common transaction or occurrence, and noting that plaintiff had satisfied the mandates of Rule 20(a)(2) only because the common transaction prong was **also** met) (emphasis added); *Tylor v. Marriott Int'l, Inc.*, WL 12600833, at *3 (D. Haw. Nov. 12, 2014) (noting that asserting the same copyright infringement causes of action against multiple defendants for the alleged violation of different copyrighted material could not serve to impose joint, several, or alternative liability against all of them, and hence joinder of all parties was not proper); *Millennium TGA, Inc. v. Doe*, WL 1812786, at *3 (N.D. Cal. May 12, 2011) (concluding that numerous Defendants' alleged copyright infringements were "individual and separate", and therefore Plaintiff had failed to "[a]llege a plausible theory that the Doe Defendants are jointly or severally liable (or liable in the alternative) for each respective reproduction and distribution" for which relief was sought); *Martinez v. Transportation Mgmt. LLC*, WL 11338164, at *6 (C.D. Cal. Aug. 25, 2008) (concluding that it would prejudice the Plaintiffs if the already-named defendants were allowed to join a different transportation provider against whom the already-asserted claims could not serve to impose joint, several, or alternative liability).  *See also*, *Keister v. Nat'l Council of Young Men's Christian Ass'n of U.S.*, WL 3864583, at *9 (N.C. Super. July 18, 2013) (noting that under North Carolina's rule on permissive joinder, which mirrors the federal rule, that there could be no liability against a party for causes of action that do not seek to impose joint, several

or alternative liability against them, and that any such deficient claim was properly disposed of via motion to dismiss for failure to state a claim upon which relief could be granted); *Hacienda Vill. Homeowners Ass'n, Inc. v. Marsh, Inc.*, WL 2893113, at *4 (M.D. Fla. July 20, 2011)

Based on the foregoing, Plaintiff's claims must be severed as a matter of law. Defendants note that even after severance, they are willing to engage in discussions on a voluntary basis to see if certain issues and tasks can be consolidated to promote judicial economy and efficiency. . Defendants seek to assure both this Court and Plaintiff that we acknowledge and respect the value of avoiding unnecessary duplication of effort, and are willing to work diligently in the spirit of cooperation to avoid that outcome.

## **CONCLUSION**

Plaintiff's argument that rule 20(a)(2) be construed to their benefit conveniently ignores some of the most fundamental canons of statutory interpretation. Meaning must be given to *all* words, not just *some* words. Further, this must be done in a way that each word is given its "plain meaning" as opposed to a more contrived and unnatural one. Plaintiff has failed to establish the first prong of Rule 20(a)(2)(A) that mandates claims must be asserted against Defendants "jointly, severally, or in the alternative" for permissive joinder to be proper. Because of this failure, it is entirely irrelevant whether plaintiff satisfied the second prong. Unless the clear dictates of rule 20(a)(2)(A)'s plain language are to be ignored, Defendants are entitled to relief as impermissibly joined parties. Further, any potential negative impact to the efficiency of the litigation process resulting from severance will be minimized by subsequent cooperation of the parties.

/s/ MAYER KLEIN
FRANKEL, RUBIN, KLEIN, DUBIN, SIEGEL & PAYNE, P.C.
Mayer Klein
Michael Payne
Admitted, Bar No. is being issued
231 South Bemiston, Ste. 1111
Clayton, MO 63105
mklein@frankelrubin.com
mpayne@frankelrubin.com

/s/ WILLIAM A. RINEHART II
RINEHART SCAFFIDI & RINEHART, LLC
William A. Rinehart II
State Bar No. 1055477
P.O. Box 11975
Milwaukee, WI 53211
warinehartii@rsrattorneys.com