UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

KINDRED REHAB SERVICES, INC.
d/b/a RehabCare,

    Plaintiff

v.                                                Case No. 17-cv-910

MOUNT CARMEL HEALTH CARE, LLC
d/b/a BURLINGTON MEDICAL AND
REHAB CENTER, et al.,

    Defendants.

## JOINT MOTION FOR ENTRY OF STIPULATED QUALIFIED PROTECTIVE ORDER

In accordance with Civ. L. R. 26(e), and for good cause shown, Plaintiff, Kindred Rehab Services, Inc. d/b/a RehabCare ("RehabCare"), and Defendants[1] jointly move the Court for entry of the attached Stipulated Qualified Protective Order (the "Order"). This Order is necessary because certain documents that will be produced in discovery contain business information and protected health information as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") that the Parties may, in good faith, deem confidential. The Parties stipulate that they have agreed to the attached Order and request that the Court enter the Order.

---

[1] The "Defendants" are, collectively, Mount Carmel Health Care, LLC d/b/a Burlington Medical and Rehab Center ("Burlington"); Colonial Manor Health Care, LLC d/b/a Colonial Medical and Rehabilitation Center ("Colonial"); Eastview Health Care, LLC d/b/a Eastview Medical and Rehabilitation Center ("Eastview"); San Luis Health Care, LLC d/b/a Maple Ridge Rehab and Care Center ("Maple"); North Ridge Health Care, LLC d/b/a North Ridge Medical and Rehabilitation Center ("North Ridge"); Sheridan Medical, LLC d/b/a Sheridan Medical Complex ("Sheridan"); and Woodstock Health Care, LLC d/b/a Waters Edge Rehab and Care Center ("Waters Edge").

Respectfully submitted this 12th day of January, 2018.

| GODFREY & KAHN, S.C. | RINEHART SCAFFIDI & RINEHART, LLC |
|---|---|

*s/Nina G. Beck*  
Timothy F. Nixon  
State Bar No. 1013753  
Nina G. Beck  
State Bar No. 1079460  
833 East Michigan Street, Ste. 1800  
Milwaukee, WI 53202  
Telephone: (414) 273-3500  
Facsimile: (414) 273-5198  
tnixon@gklaw.com  
nbeck@gklaw.com  

-and-

Phillip A. Martin  
Laura M. Brymer  
FULTZ MADDOX DICKENS PLC  
101 S. Fifth Street, Ste. 2700  
Louisville, KY 40202  
Telephone: (502) 588-2000  
Facsimile: (502) 588-2020  
pmartin@fmdlegal.com  
lbrymer@fmdlegal.com  

*Counsel for Plaintiff*  
18327336.1

*s/William A. Rinehart II*  
William A. Rinehart II  
State Bar No. 1055477  
P.O. Box 11975  
Milwaukee, WI 53211  
Telephone: (414) 963-9303  
Facsimile: (414) 963-1376  
warinehartii@rsrattorneys.com  

-and-

Mayer Klein (admitted *pro hac vice*)  
Michael Payne (admitted *pro hac vice*)  
FRANKEL, RUBIN, KLEIN, DUBIN, SIEGEL & PAYNE, P.C.  
231 South Bemiston, Ste. 1111  
Telephone: (314) 725-8000  
Facsimile: (314) 726-5837  
Clayton, MO 63105  
mklein@frankelrubin.com  
mpayne@frankelrubin.com  

*Counsel for Defendants*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

KINDRED REHAB SERVICES, INC.
d/b/a RehabCare,

    Plaintiff

v.                                                         Case No. 17-cv-910

MOUNT CARMEL HEALTH CARE, LLC
d/b/a BURLINGTON MEDICAL AND
REHAB CENTER, et al.,

    Defendants.

## STIPULATED QUALIFIED PROTECTIVE ORDER

Plaintiff, Kindred Rehab Services, Inc. d/b/a RehabCare ("RehabCare"), and Defendants, Mount Carmel Health Care, LLC d/b/a Burlington Medical and Rehab Center ("Burlington"); Colonial Manor Health Care, LLC d/b/a Colonial Medical and Rehabilitation Center ("Colonial"); Eastview Health Care, LLC d/b/a Eastview Medical and Rehabilitation Center ("Eastview"); San Luis Health Care, LLC d/b/a Maple Ridge Rehab and Care Center ("Maple"); North Ridge Health Care, LLC d/b/a North Ridge Medical and Rehabilitation Center ("North Ridge"); Sheridan Medical, LLC d/b/a Sheridan Medical Complex ("Sheridan"); and Woodstock Health Care, LLC d/b/a Waters Edge Rehab and Care Center ("Waters Edge") (collectively the "Defendants" and individually each a "Defendant"), stipulate to entry of the following Protective Order. RehabCare and Defendants are collectively the "Parties" and each a "Party."

This Stipulated Qualified Protective Order is necessary because certain documents that will be produced in discovery, or that have already been produced, contain business information

and protected health information as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and set forth *infra* that a Party or Parties may, in good faith, deem confidential.

The Parties desire that confidential materials not be disclosed to anyone other than those designated herein or used outside of the scope of this case. In order to protect the confidentiality of materials produced by any Party, to the greatest extent possible consistent with the requesting Party's desire to examine and use the documents and materials in the course of this litigation, and to address this situation should it arise in the course of future discovery, the undersigned Parties agree to abide by the terms of this Stipulated Qualified Protective Order and treat its restrictions and obligations as a confidentiality agreement. Therefore, the Parties request that the Court enter this Stipulated Qualified Protective Order as follows:

1. a. This Stipulated Qualified Protective Order governs the handling of all documents, materials, and information, including all written, recorded, transcribed, printed, or impressed matter of any kind, however produced or reproduced, including, but not limited to, all documents containing protected health information as defined by HIPAA and set forth *infra*, sound or pictorial recordings, computerized information, books, pamphlets, letters, memoranda, telegrams, handwritings, charts, papers, writings, printings, transcriptions, tapes, cancelled checks, financial records, bookkeeping entries and records or information of any kind (collectively, "Material") produced, given or filed during discovery and other proceedings in this action.

    b. The provisions of this Stipulated Qualified Protective Order shall apply to (i) the named Parties to this action and (ii) any other person producing or disclosing Material in this action who agrees to be bound by the terms of this Stipulated Qualified Protective Order.

"Person" includes the named Parties and others who have agreed to be bound by this Stipulated Qualified Protective Order; "Parties" is limited to the named parties in this action.

2. "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. "Confidential Material" shall refer to any portion of any document, testimony, or other Material that contains PHI, a trade secret, or other confidential research, development, or commercial information that a producing Party is obligated to keep confidential or that such Party believes in good faith is not generally known to others and which such Party (i) would not normally reveal to others except in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privilege.

4. Any Person may designate as "CONFIDENTIAL" any Material which it produces or otherwise discloses in response to discovery in the action only upon a good faith belief and reasonable basis in law and fact that the Material is entitled to confidential status.

5. Confidential Material shall be subject to the following restrictions:

    a. Confidential Material shall be used only for the purpose of this litigation (including appeals) and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that

such Material be given, shown, made available or communicated for the purposes permitted under this paragraph, as set forth in paragraph 5(b) below.

      b.     In the absence of written permission from the Party producing the confidential information or further order of the Court, confidential information shall not be disclosed to any person other than:

      (i) counsel of record and other counsel for the named Parties and counsels' employees;

      (ii) the Court (including court reporters, stenographic reporters, and court personnel); and

      (iii) the named Parties, their officers, directors, employees or agents of any named Party, if the confidential information is required for a Party's case preparation;

      (iv) outside consultants and expert witnesses and their secretarial or clerical staff, retained by any named Party to assist in this action;

      (v) deponents (including the stenographic reporters and video technicians);

      (vi) witnesses and potential witnesses;

      (vii) any designated mediator or other similar situated individual acting in the capacity of facilitating alternative dispute resolution, and his or her staff; and

      (viii) such other persons as may be consented to in writing by the Party producing Confidential Materials.

      c.     If an exhibit to a pleading or other court filing contains Confidential Material, the Party filing such exhibit shall file the exhibit under seal and it shall remain under seal until the Court orders otherwise. Any pleading or other court filing that sets forth, states, or

otherwise contains Confidential Material shall be filed with the Confidential Material redacted or shall be filed under seal and remain under seal until the Court orders otherwise. Exhibits, pleadings, and other court filings made under seal in accordance with this Order shall comply with the Court's procedures set forth in General L. R. 79(d).

        d.       Notwithstanding any of the foregoing provisions, this Stipulated Qualified Protective Order shall not restrict any Person's use of its own Confidential Material except to the extent required by HIPAA or other law.

    6.     Each Person given access to Confidential Material pursuant to the terms hereof (other than those Persons enumerated in paragraph 5(b)(ii) and (iii) above, counsel of record, and employees of counsel of record, stenographic reporters, and video technicians) shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulated Qualified Protective Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of this Stipulated Qualified Protective Order (by use of the Confidential Material) in any impermissible manner or for any impermissible purpose may constitute contempt of a court order. Before any Person (other than those Persons enumerated in paragraph 5(b)(ii) and (iii) above, counsel of record, and employees of counsel of record, stenographic reporters, and video technicians) is given access to Confidential Material, he, she, or it must also execute a copy of the certificate attached as Exhibit "A."

    7.     Confidential Material shall be designated as follows:

        a.       Any Party may designate any PHI or other information protected by HIPAA as Confidential Material at any time.

In the case of documents, designation shall be made in the case of confidential documents by placing the legend "CONFIDENTIAL" on each page of any such document or to the extent impracticable, upon the first page of a bound multi-page document.

  b. In the case of interrogatory answers, designation shall be made by underlining the Confidential Material in each answer or response and by placing the legend "CONFIDENTIAL" on each page of any answer or response that contains such Confidential Material.

  c. In the case of testimony, including, but not limited to, deposition testimony or hearing testimony, designation shall be made during the course of that testimony, by identifying on the record certain testimony as "Confidential." A Party may also make the above-referenced designation in writing within ten (10) days of receipt of the transcript of testimony to the extent it was not previously designated as "Confidential." Notwithstanding the foregoing, any testimony that contains PHI or other information protected by HIPAA may be designated confidential at any time.

  d. All briefs, pleadings or other filings with the Court that incorporate or disclose Confidential Material shall be appropriately labeled on the cover page and filed under seal.

  8. Any Party may at any time, on reasonable notice, move for (i) modification of this Stipulated Qualified Protective Order, or (ii) relief from the provisions of this Stipulated Qualified Protective Order with respect to specific Confidential Material.

  9. a. This Stipulated Qualified Protective Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding from the date of filing of the Complaint throughout and after the conclusion of this litigation, including, any

6

Case 2:17-cv-00910-NJ Filed 01/12/18 Page 8 of 12 Document 34

appeals. Within 60 days after the conclusion of this litigation (including any appeals), any Party may request any other Party to return all Confidential Material provided by the requesting Party to be returned or destroyed. Such a request shall be completed within a reasonable period of time.

        b.     Upon the final determination of this action, including appeals, if any, any Party may request that the Court withdraw, remove, or otherwise destroy any Confidential Material which has been submitted to the Court during the course of this action, including Confidential Material submitted for identification and/or evidence at the trial of this action, and the consent of all Parties to such request shall not be withheld without good cause.

10.    Neither the signing of this Stipulated Qualified Protective Order, nor the designation and disclosure of Confidential Material pursuant hereto shall be construed as a waiver of, or preclude any Person from raising, any objection to discovery or asserting any and all privileges otherwise available. Neither the designation by a Party of any document, information or deposition testimony as CONFIDENTIAL, nor its receipt by another Party, shall constitute any agreement that the document, information or deposition testimony is actually confidential. In the event that any Party to this lawsuit or interested member of the public objects at any point in these proceedings to the designation of any document or information as CONFIDENTIAL, the Party or interested member of the public shall state the grounds for the objection. The Parties shall thereafter try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party shall notify the producing Party in writing, and the producing Party or the objecting Party may seek appropriate relief from this Court, including an order that the documents should or should not be treated as CONFIDENTIAL. Pending a court ruling, the documents must be treated as confidential.

11. Any material that was obtained by means other than through disclosure pursuant to this Stipulated Qualified Protective Order need not be treated as Confidential Material under the terms of this Stipulated Qualified Protective Order.

12. a. In the event that a Party inadvertently produces to any other Party any document that is subject to a recognized claim of privilege, for example, pursuant to the attorney client privilege or work product doctrine, the producing Party may retrieve the privileged documents as follows:

   i. The producing Party must give written notice to all Parties who received copies of the produced document that said document is privileged and state the nature of the privilege.

   ii. Upon receipt of such notice, all Parties who have received a copy of the privileged document shall promptly return it to the producing Party and destroy any other copies thereof.

   b. No subsequent Motion to Compel the Production of the produced document may rely on an allegation that any privilege as to the document was waived by inadvertent production.

SO ORDERED.

Dated this _____ day of _____, 2018.

                                      BY THE COURT:

                                      _____
                                      Honorable Nancy Joseph
                                      United States Magistrate Judge

# EXHIBIT A

# CERTIFICATE

      I certify my understanding that material designated "Confidential" is being disclosed to me pursuant to the terms and restrictions of the Stipulated Qualified Protective Order dated _____, 2018 and entered in *Kindred Rehab Services, Inc. d/b/a RehabCare v. Mount Carmel Health Care, LLC d/b/a Burlington Medical and Rehab Center, et al.*, Case Number 17-cv-910, United States District Court for the Eastern District of Wisconsin. I have been given a copy of and have read that Stipulated Qualified Protective Order and agree to be bound by it. I understand the material disclosed to me has been designated "Confidential," and that after conclusion of this litigation, all such Confidential Material and copies shall, upon request of the producing party, be returned to counsel for the producing party or destroyed. I further agree that in the event that I fail to abide by the terms of the Stipulated Qualified Protective Order that I may be subject to sanctions, including sanctions by way of contempt of Court, imposed by the Court, for such failure.

_____

By: _____

Dated: _____

Respectfully submitted this 12th day of January, 2018.

| | |
|---|---|
| GODFREY & KAHN, S.C. | RINEHART SCAFFIDI & RINEHART, LLC |

*s/Nina G. Beck*
Timothy F. Nixon
State Bar No. 1013753
Nina G. Beck
State Bar No. 1079460
833 East Michigan Street, Ste. 1800
Milwaukee, WI 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
tnixon@gklaw.com
nbeck@gklaw.com

-and-

Phillip A. Martin
Laura M. Brymer
FULTZ MADDOX DICKENS PLC
101 S. Fifth Street, Ste. 2700
Louisville, KY 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
pmartin@fmdlegal.com
lbrymer@fmdlegal.com

*Counsel for Plaintiff*

*s/William A. Rinehart II*
William A. Rinehart II
State Bar No. 1055477
P.O. Box 11975
Milwaukee, WI 53211
Telephone: (414) 963-9303
Facsimile: (414) 963-1376
warinehartii@rsrattorneys.com

-and-

Mayer Klein (admitted *pro hac vice*)
Michael Payne (admitted *pro hac vice*)
FRANKEL, RUBIN, KLEIN, DUBIN, SIEGEL & PAYNE, P.C.
231 South Bemiston, Ste. 1111
Telephone: (314) 725-8000
Facsimile: (314) 726-5837
Clayton, MO 63105
mklein@frankelrubin.com
mpayne@frankelrubin.com

*Counsel for Defendants*

18327405.1