IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KINDRED REHAB SERVICES, INC. )
d/b/a REHABCARE, )
 )
        Plaintiff, )
 )
v. ) Case No. 17-CV-910
 )
MOUNT CARMEL HEALTH CARE, )
LLC d/b/a BURLINGTON MEDICAL AND )
REHAB CENTER, et al. )
 )
        Defendants. )

## DEFENDANT EASTVIEW HEALTH CARE, LLC's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant, Eastview Health Care, LLC d/b/a Eastview Medical and Rehabilitation Center, (hereinafter referred to as "Defendant"), by and through undersigned counsel, and for its Answer to Plaintiff's First Amended Complaint, respectfully states to this Honorable Court as follows:

### NATURE OF THE ACTION

1. Defendants admit that plaintiff's suit alleges various failures to pay. To the extent this paragraph asserts liability for the same, defendants deny.

### THE PARTIES

2. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 2, and therefore denies the same.

3. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 3, and therefore denies the same.

1

4. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 4, and therefore denies the same.

5. Defendant admits the allegations contained within paragraph 5.

6. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 6, and therefore denies the same.

7. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 7, and therefore denies the same.

8. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 8, and therefore denies the same.

9. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained within paragraph 9, and therefore denies the same.

## JURISDICTION AND VENUE

10. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

11. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

12. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

## STATEMENT OF FACTS

13. To the extent this paragraph asserts that the "agreements" it references are "materially similar as modified from time to time", it states a legal conclusion for which no response is required. Defendant does not have sufficient information to either admit or deny the remaining allegations set forth within Paragraph 13 of Plaintiff's Complaint and, therefore, Defendant denies the same.

14. Defendant denies the allegations contained within paragraph 14.

15. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

16. Defendant denies the allegations contained within paragraph 16.

17. Defendant denies the allegations contained within paragraph 17.

18. Defendant denies the allegations contained within paragraph 18.

19. Defendant denies the allegations contained within paragraph 19.

20. Defendant denies the allegations contained within paragraph 20.

21. Defendant denies the allegations contained within paragraph 21.

### COUNT I – BREACH OF CONTRACT
### (AS TO EACH DEFENDANT)

22. Defendant incorporates by reference its answers to each paragraph set forth above.

23. This paragraph states a legal conclusion for which no response is required.

24. Defendant denies the allegations contains within paragraph 24.

25. Defendant denies the allegations contains within paragraph 25.

26. This paragraph states a legal conclusion for which no response is required. Further, Defendant denies the remaining allegations within paragraph 26.

27.     This paragraph states a legal conclusion for which no response is required. Further, Defendant denies the remaining allegations within paragraph 27.

## COUNT II – PROMISSORY ESTOPPEL
### (AS TO EACH DEFENDANT)

28.     Defendant admits plaintiff has plead promissory estoppel in the alternative to its first count. To the extent this paragraph asserts liability for the same, defendants deny.

29.     Defendant incorporates by reference its answers to each paragraph set forth above.

30.     This paragraph states a legal conclusion for which no response is required. Further, to the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

31.     This paragraph states a legal conclusion for which no response is required.

32.     Defendant denies the allegations contains within paragraph 32.

## COUNT III – UNJUST ENRICHMENT
### (AS TO EACH DEFENDANT)

33.     Defendant admits plaintiff has plead unjust enrichment in the alternative to its first two counts. To the extent this paragraph asserts liability for the same, defendants deny.

34.     Defendant incorporates by reference its answers to each paragraph set forth above.

35.     This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

36.     This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

37. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

38. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

39. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph is deemed to contain factual allegations requiring a response, such allegations are denied.

40. Defendant denies the allegations contains within paragraph 40.

41. DEFENDANT DEMANDS TRIAL BY JURY.

WHEREFORE, having fully answered Counts I-III of Plaintiff's Complaint, the Defendant pray that the Court dismiss the Complaint at Plaintiff's own cost, and for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Pleading further and alternatively by way of affirmative defenses, Defendant states as follows:

1. That each cause of action in the Complaint directed at Defendant fails to state a claim for which relief may be granted and fails to state facts sufficient to entitle Plaintiff to the relief sought as against Defendant.

2. That Plaintiff's actions may constitute a waiver of any right or remedy to which it may otherwise be entitled.

3. That Plaintiff's claims are barred by the doctrine of unclean hands.

4. That Plaintiff's claims are barred under the principles of estoppel.

5. That Plaintiff has misjoined one or more Defendants in its complaint.

6. That Plaintiff's claims may be barred, reduced, limited or set off by damage caused to Defendant.

7. That Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual and legal developments in this case.

WHEREFORE, having fully answered and responded to the allegations contained in the Complaint, Defendant prays:

a. That Plaintiff's Complaint be dismissed with prejudice with all costs taxed against Plaintiff;

b. That Defendant be dismissed as a party to this action; and,

c. For such other and additional relief as the Court deems just and proper.

Respectfully submitted,

FRANKEL, RUBIN, KLEIN, DUBIN, SIEGEL & PAYNE, P.C.

By: /s/ William A. Rinehart II
Attorney for Plaintiff
**RINEHART, SCAFFIDI & RINEHART LLC**
State Bar No. 1055477
P.O. Box 11975
Milwaukee, WI 53211
Phone: (414) 963-9303
Fax: (414) 963-1376
E-Mail: warinehartii@rsmlaw.com

By:/S/ MAYER S. KLEIN
MAYER S. KLEIN, #32605
mklein@frankelrubin.com
Counsel for Defendant
231 South Bemiston Avenue, Suite 1111
Clayton, Missouri 63105
Telephone: (314) 725-8000
Facsimile: (314) 726-5837

6